UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ROCHESTER DRUG CO-OPERATIVE, INC.<br><br>                Debtor. | Chapter 11<br><br>Case No. 20-20230 (PRW) |
| Advisory Trust Group, LLC, as trustee of the RDC LIQUIDATING TRUST,<br><br>                Plaintiff,<br>   v.<br><br>ABBVIE US LLC,<br><br>                Defendant. | Adv. Proc. No. 2-22-02001-PRW |

### ANSWER AND AFFIRMATIVE DEFENSES OF ABBVIE US LLC

Defendant AbbVie US LLC ("AbbVie"), by its attorneys, hereby provides its answer and affirmative defenses to the Plaintiff's Complaint for Avoidance and Recovery of Preferential Transfers and Objection to Claims (the "Complaint") filed by Advisory Trust Group, LLC, as trustee of the RDC Liquidating Trust (the "Plaintiff"), in connection with the Chapter 11 cases of Rochester Drug Co-Operative, Inc. (the "Debtor"), as follows:

### ANSWER

### NATURE OF THE ACTION

1. Answering paragraph 1, AbbVie asserts that no allegations therein require a response. To the extent that a response is required, AbbVie denies paragraph 1.

2. Answering paragraph 2, AbbVie asserts that no allegations therein require a response. To the extent that a response is required, AbbVie denies paragraph 2.

### THE PARTIES

3. AbbVie denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 and therefore denies the same.

4. AbbVie denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 and therefore denies the same.

5. AbbVie admits paragraph 5.

## JURISDICTION AND VENUE

6. AbbVie admits paragraph 6.

7. AbbVie admits paragraph 7.

8. Answering paragraph 8, AbbVie asserts that no allegations therein require a response and in particular notes that the paragraph references the local rules of the U.S. Bankruptcy Court for the District of Delaware, while this case is pending before the U.S. Bankruptcy Court for the Western District of New York.

9. AbbVie admits paragraph 9.

## BASIS FOR RELIEF REQUESTED

10. Answering paragraph 10, AbbVie asserts that no allegations therein require a response. To the extent a response is required, AbbVie denies paragraph 10.

## PROCEDURAL BACKGROUND

11. AbbVie admits paragraph 11.

12. Answering paragraph 12, AbbVie admits that it has filed a claim that includes a general unsecured claim portion against the Debtor's estate. AbbVie denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 12 and therefore denies the same.

13. AbbVie admits paragraph 13.

14. AbbVie admits paragraph 14.

15. AbbVie admits paragraph 15.

2

16. AbbVie denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 and therefore denies the same.

17. AbbVie denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 and therefore denies the same.

## FACTUAL BACKGROUND

18. AbbVie denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 and therefore denies the same.

19. Answering paragraph 19, AbbVie admits entering into agreements for the purchase and sale of goods, evidenced by invoices, communications and other documents with the Debtor as alleged in paragraph 19. AbbVie reserves all rights regarding the specific details of any agreements.

20. Answering paragraph 20, AbbVie admits that the Debtor made certain payments to AbbVie in the Preference Period, but based on its investigation to date, denies that Debtor's Exhibit B accurately reflects the payment amounts and invoice information for those payments contained in AbbVie's records. AbbVie also denies knowledge or information as to the truth or falsity of the provided clear date(s), and therefore denies the same.

21. Answering paragraph 21, as noted in paragraph 20 above, AbbVie denies knowledge or information sufficient to form a belief as to the accuracy of Debtor's Exhibit B, but admits that one or more of the Transfers were on account of an antecedent debt, at least in part. To the extent that a further response is required, AbbVie denies all other allegations set forth in paragraph 21.

22. AbbVie denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 and therefore denies the same.

23. AbbVie denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 and therefore denies the same.

24. Answering paragraph 24, AbbVie asserts that no allegations therein require a response. To the extent a response is required, AbbVie denies paragraph 24.

25. Answering paragraph 25, AbbVie admits receiving the Demand Letter referenced therein. AbbVie denies that it has not provided Plaintiff with evidence of affirmative defenses and denies all other allegations in paragraph 25.

26. AbbVie denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 and therefore denies the same.

27. Answering paragraph 27, AbbVie asserts that no allegations therein require a response. To the extent a response is required, AbbVie denies paragraph 27. AbbVie specifically denies that Plaintiff can reserve the right to add additional causes of action, additional Transfers, or additional allegations regarding the Transfers, unilaterally or without leave of court, or that any such amendments relate back to the original complaint, and AbbVie reserves all rights to contest any supplement or amendment attempted by Plaintiff.

**FIRST CLAIM FOR RELIEF**
**Avoidance of Preferential Transfers—11 U.S.C. § 547**

28. AbbVie repeats all responses set forth above as if fully set forth herein.

29. AbbVie denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 and therefore denies the same.

30. AbbVie admits paragraph 30.

31. AbbVie admits paragraph 31.

32. AbbVie admits paragraph 32.

4

33. Answering paragraph 33, AbbVie denies that Exhibit B to the Complaint is accurate in all respects, but AbbVie admits that each Transfer that AbbVie did receive was, at least in part, made on account of an antecedent debt.

34. Answering the first sentence of paragraph 34, AbbVie denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the same. AbbVie admits the allegations of the second sentence of paragraph 34.

35. AbbVie denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35 and therefore denies the same.

36. AbbVie denies paragraph 36.

37. Abbvie admits the allegations of paragraph 37, and asserts that one or more defenses available to AbbVie prevent Plaintiff from being entitled to recover the Transfers, in whole or in part.

38. AbbVie denies paragraph 38.

**SECOND CLAIM FOR RELIEF**
**Recovery of Property – 11 U.S.C. § 550**

39. AbbVie repeats all responses set forth above as if fully set forth herein.

40. AbbVie denies paragraph 40.

41. AbbVie admits paragraph 41.

42. AbbVie denies paragraph 42.

**THIRD CLAIM FOR RELIEF**
**Objection to Defendants Claims – Disallowance Under 11 U.S.C. § 502(d) & (j)**

43. AbbVie repeats all responses set forth above as if fully set forth herein.

44. AbbVie denies paragraph 44.

45. Answering paragraph 45, AbbVie denies that the Transfers are avoidable, in whole or in part, and denies that it is liable to return such Transfers.

46. Answering paragraph 46, AbbVie denies that it is liable for the return the Transfers, or the payment of interest or costs. To the extent a response is required to the remainder of paragraph 46, AbbVie denies the same.

47. AbbVie denies paragraph 47.

48. Answering paragraph 48, AbbVie asserts that no allegations therein require a response. To the extent a response is required, AbbVie denies paragraph 48.

49. AbbVie denies all other allegations set forth in the Complaint not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff may not avoid any Transfer to the extent such Transfer, if any, was: (a) intended by the Debtor and AbbVie to be a contemporaneous exchange for new value given to the Debtor; and (b) in fact a substantially contemporaneous exchange. AbbVie alleges that one or more of the alleged Transfers received by AbbVie is protected by this defense.

2. Plaintiff may not avoid any Transfer to AbbVie to the extent such Transfer, if any, was in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and AbbVie; and was either (a) made in the ordinary course of business or financial affairs of the Debtor and AbbVie; or (b) made according to ordinary business terms. AbbVie alleges that one or more of the alleged Transfers received by AbbVie is protected by this defense.

3. Plaintiff may not avoid any Transfer to the extent that, after such Transfer, if any, AbbVie gave new value to or for the benefit of the Debtor: (a) not secured by an otherwise unavoidable security interest; and (b) on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of AbbVie. AbbVie alleges that one or more of the alleged Transfers received by AbbVie is protected by this defense.

4. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

WHEREFORE, AbbVie respectfully requests that the Court enter judgment in its favor and against Plaintiff, dismiss the Complaint with prejudice, award AbbVie its costs, and grant to AbbVie such other and further relief as the Court finds is just and equitable.

Date: November 18, 2022
Albany, New York

**NOLAN HELLER KAUFFMAN LLP**

/s/Marco B. Koshykar
Marco B. Koshykar, Esq.
80 State Street, 11th Floor
Albany, New York 12207
Direct Dial: (518) 449-3300
Email: mkoshykar@nhkllp.com
*Local Counsel for AbbVie US LLC*

KOHNER, MANN & KAILAS, S.C.
Samuel C. Wisotzkey
WI Bar No. 1029537
swisotzkey@kmksc.com
Samuel M. Draver
WI Bar No. 1097520
sdraver@kmksc.com
4650 N. Port Washington Road
Milwaukee, WI 53226
Phone: 414-962-5110
Fax: 414-962-8725
*Counsel for AbbVie US LLC*